UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN JOHNSON,<br><br>Defendant. | No. 20-cr-105-TSC/ZMF |

## REPORT AND RECOMMENDATION

### I.  BACKGROUND

On July 16, 2024, the Probation Office filed a petition notifying the Court that law enforcement had arrested the Defendant. *See* U.S. Probation Office Pet. ("USPO Pet.") 2, ECF No. 45. The government charged the defendant with unlawful discharge and possession of a firearm. *See id.* The government charged the Defendant in D.C. Superior Court. *See id.* The judge there held the Defendant without bond. *See id.* at 3. This was the Defendant's third arrest while under federal supervision. *See id.* On July 17, 2024, Judge Chutkan issued an arrest warrant and scheduled a hearing on violation of supervised release.

On August 1, 2024, law enforcement arrested the Defendant. That same day, he appeared before the undersigned for a return on supervised release warrant. The undersigned ordered the detention of the Defendant. *See* Min. Entry (Aug. 1, 2024).

On August 8, 2024, Judge Chutkan referred this matter to the undersigned for preparation of a Report and Recommendation. *See* Min. Order (Aug. 8, 2024). On October 9, 2024, the Defendant appeared before the undersigned for a status hearing. *See* Min. Entry (Oct. 9, 2024).

1

The parties agreed to trail Defendant's Superior Court case. On February 7, 2025, the Defendant pled guilty in D.C. Superior Court to the charge of unlawful possession of firearm. *See* Gov.'s Memorandum in Aid of Sentencing ("Gov.'s Memo") 4, ECF No. 52. The D.C. Superior Court judge sentenced Defendant to 18 months of incarceration followed by 3 years of supervised release. *See id.* at 5.

On April 25, 2025, the Probation Office filed a recommendation for final revocation hearing. *See* U.S. Probation Office Sentencing Recommendation ("USPO Sent'g Rec."), ECF No. 48. On April 28, 2025, the undersigned held a status hearing. The Defendant admitted the violations in this case. In turn, the Court ordered briefing on the Probation Office's recommendation.

On June 30, 2025, the undersigned held a final revocation hearing. The parties agreed that Defendant's conduct was a Grade B violation. *See* Def.'s Memorandum in Aid of Sentencing on Revocation ("Def.'s Memo") 12, ECF No. 50; Gov.'s Memo at 6. Given his criminal history, a Grade B violation carries a guideline range of 18–24 months of imprisonment. *See* U.S.S.G. § 7B1.1(a)(2). The Defendant requested a sentence of time-served or a sentence concurrent, followed by a term of supervised release. *See* Def.'s Memo at 14. The government and Probation Office recommend a sentence of 24 months incarceration to be served consecutively with no additional term of supervised release. *See* Gov.'s Memo at 1; *see also* USPO Sent'g Rec. at 1.

II. **DISCUSSION**

Pursuant to 18 U.S.C. § 3583, a court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of supervised release authorized by statute." 18 U.S.C. § 3583(e)(3). In determining a sentence based on violation of supervised release conditions, a court considers the factors set forth in § 3583(a)(1), (a)(2)(B)–(D), and (a)(4)–(7). *See United States v.*

*Byrd*, No. 21-cr-27, 2024 WL 3071088, *3–4 (D.D.C. June 4, 2024). These factors include: (1) the nature and circumstances of the offense and defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7).

The court should *not* consider "the need . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See id.* §§ 3583(e), 3553(a)(2)(A). In *Esteras v. United States*, 145 S. Ct. 2031, 2041 (2025), the Supreme Court emphasized the need to "exclude retribution from the calculus . . . [and] consider the *forward-looking* ends of sentencing." *Id.* But while the Court cannot consider the nature of the offense for retribution purposes, it may inform the analysis of other factors, such as the need to protect the public. *See id.* at 2043. Ultimately, a "court shall impose a sentence sufficient, but not greater than necessary" to comply with these factors. 18 U.S.C. § 3553(a).

Here, the first factor—the Defendant's history and characteristics—cuts both ways. The Defendant grew up in a neighborhood afflicted by poverty and surrounded by crime. *See* Def.'s Memo at 4–5. He developed mental health and substance abuse issues at a young age. *Id.* at 5. Relatedly, his criminal history began in childhood and persisted well into adulthood. *See* Gov.'s Memo at 7. This is his third arrest while under supervision. *See* Gov.'s Memo at 6; USPO Sent'g Rec. at 2–3. He had additional problems during his period of supervision: he failed to report for substance abuse treatment and testing several times. *See* USPO Sent'g Rec. at 3.

3

However, the Defendant has successfully completed supervision several times in the past. *See* Def.'s Mem. at 5. And it bears noting the instant violation occurred just two months before the Defendant's supervision was to expire. *See* USPO Pet. at 1. Under the Defendant's most recent prior supervision, he complied with his mental health treatment and regularly submitted negative urinalyses. *See* USPO Pet. at 3. Prior to his arrest, the Defendant had relatively stable housing and employment. *See* Def.'s Memo at 6.

The second and fourth factors—deterrence of future crime and the need for Defendant to receive vocational training or medical care—caution against the imposition of additional incarceration on top of the 18-month Superior Court sentence. "Imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). The Defendant already has a vocational certification, having obtained an HVAC certification, and work experience. *See* Def.'s Memo at 6. Additional incarceration only delays Defendant's entry into the workforce and his ability to obtain treatment for his substance abuse issues. Indeed, "any imprisonment . . . could significantly interrupt or undo his treatment progress." *United States v. Mosley*, 312 F. Supp. 3d 1289, 1294 (M.D. Ala. 2018). "There is no indication of how additional punishment furthers deterrence." *United States v. Nwenze*, No. 19-cr-285, 2024 WL 4608867, at *4 (D.D.C. 2024).

But as to the third factor—the need to protect the public—"this box has [not] been checked." *Nwenze*, No. 19-cr-285, at *4. Defense reliance on *Nwenze* is misplaced. The defendant in *Nwenze* did not possess a firearm. *See id.* at 2. Here, however, the Defendant brandished and discharged a firearm several times in the air on a public street. *See* Gov.'s Memo at 4–5. *Dubose* is similarly inapplicable. *United States v. Dubose*, No. 21-cr-229 (D.D.C. 2022). There, law enforcement approached the defendant while he was alone in his vehicle. *See* Gov.'s Mem. in Aid

4

of Sent'g ("Gov.'s Mem."), *Dubose*, No. 21-cr-229, ECF No. 26. A search of the vehicle revealed an unlawful firearm.[1] *See id.*

The fifth factor—applicable sentencing guideline range—cuts both ways. The guideline range for Defendant's violation is 18–24 months of incarceration. *See* U.S.S.G. § 7B1.1(a)(2). But this range is merely a policy statement. "[T]he Commission's purpose [in drafting the] Chapter VII policy statements [was] to preserve the courts' flexibility." *United States v. Hooker*, 993 F.2d 898, 901 (D.C. Cir. 1993). The Defendant notes that this Court adopted a forward-looking approach when imposing a concurrent sentence in *United States v. Nwenze*. *See* Def.'s Reply at 2. However, in *Nwenze,* the defendant was under concurrent supervision in D.C. Superior Court and federal court. *See Nwenze*, No. 19-cr-285, at *1. The Parole Commission had already punished *Nwenze* for committing a crime on supervision, and this Court would have been "effectively repeat[ing] the punishment." *Id.* at *5. Here, the Defendant has only been sentenced for the underlying crime itself, not for his violation of supervision.

### III.   CONCLUSION

For the foregoing reasons, this court recommends sentencing the Defendant to six months of incarceration.[2] Such sentence should be served consecutive to the underlying sentence. Between

---

[1] Defense counsel cites this case and two others under their analysis of the sixth factor—avoiding sentencing disparities. *See* Def.'s Memo at 13. However, defense counsel provides no explanation of how a consecutive sentence creates sentencing disparities. Rather, defense counsel lists cases where a court imposed concurrent sentences and urges the Court to do the same here. That is not persuasive. And *Dubose* is not an apt comparison to this case.

[2] The parties are hereby advised that, under the provisions of Local Criminal Rule 59.2(b) of the U.S. District Court for the District of Columbia, any party may file written objections for consideration by the district judge within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion to which objection is made and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of

the two cases, this would subject the Defendant to 24 months of imprisonment (18 months in the underlying case + 6 months in the case here). That total would equal the high end of the guideline range for a Grade B violation (*i.e.*, 18–24 months). Put another way, the recommendation of this Court could be characterized as a 24-month sentence to run consecutive with the underlying case.

The Court recommends no additional period of supervised release. The Defendant will be subject to a lengthy period of supervision in his underlying Superior Court case. As both the government and Probation Office agreed at final revocation hearing, there is little to gain from dual supervision.

Date: September 4, 2025

                                                  ZIA M. FARUQUI
                                                  UNITED STATES MAGISTRATE JUDGE

---

appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 144–45 (1985).