UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

v.

**KEVIN JOHNSON**,

Defendant.

Criminal Action No. 20-cr-105-TSC-ZMF

## ORDER

In 2020, Defendant Kevin Johnson pleaded guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Presentence Investigation Report at 4, ECF No. 30. He was sentenced to 27 months of incarceration, followed by a 24-month period of supervised release. Judgment at 3–4, ECF No. 31. His supervision began on September 9, 2022. Prob. Pet. at 1, ECF No. 45. On or about July 7, 2024, two months before his supervision was set to expire, Johnson was charged with unlawful discharge and possession of a firearm in D.C. Superior Court, for which he was sentenced to 18 months of imprisonment and 36 months of supervised release, to run consecutively to any other sentence. Prob. Sent'g Rec. at 2–3, ECF No. 48. This was Johnson's third arrest while under federal supervision. *Id.*

The court referred the matter to Magistrate Judge Zia Faruqui for a Report and Recommendation. *See* Aug. 8, 2024 Min. Order. At a status hearing on April 28, 2025, Johnson admitted the violations, and at a final revocation hearing on June 30, 2025, the parties agreed that Johnson's conduct constituted a Grade B violation, which carries a guideline range of 18 to 24 months of imprisonment. R. & R. at 2, ECF No. 55; *see* Prob. Pet. at 2; U.S.S.G. § 7B1.1(a)(2); *id.* § 7B1.4(a). Magistrate Judge Faruqui issued a Report and Recommendation on September 4,

2025, recommending that Johnson receive a sentence of six months of imprisonment, served consecutively to the sentence in the underlying Superior Court case, with no additional term of supervision to follow. *Id.* at 5–6. Neither party objected to Magistrate Judge Faruqui's Report and Recommendation within 14 days. *See* Fed. R. Civ. P. 72(b).

After careful consideration of the record, and in the absence of any objection, the court hereby ADOPTS the report and ACCEPTS the recommendations of Magistrate Judge Faruqui. As admitted, Johnson violated the conditions of his release by committing a state or local crime. *See* Prob. Pet. at 2. As to Johnson's history and characteristics, the need for deterrence, and the need for vocational training, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D), his compliance with his mental health treatment, vocational certification, and relatively stable housing are encouraging and counsel against further incarceration, *see* Def.'s Memo at 6. But the need to protect the public and the non-binding guideline range of 18 to 24 months cut the other way. *See* 18 U.S.C. § 3553(a)(2)(C), (a)(4); U.S.S.G. § 7B1.4(a); *United States v. Hooker*, 993 F.2d 898, 900 (D.C. Cir. 1993) (explaining that "the Chapter VII policy statements . . . are merely advisory"). In particular, the fact that the current violation—unlawfully possessing a firearm—involved the same conduct for which Johnson was on supervised release and his history of violent conduct while on supervision support additional incarceration. *See* Prob. Sent'g Rec. at 2–3. Accordingly, the court determines that a term of six months' imprisonment, with no additional period of supervised release, is sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a).

Johnson's term of supervised release is hereby REVOKED, and he is SENTENCED to a term of six months of imprisonment, with no additional period of supervised release.

SO ORDERED.

Date: November 20, 2025

                                           *Tanya S. Chutkan*
                                           TANYA S. CHUTKAN
                                           United States District Judge